# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: March 11, 2020)

```
* * * * * * * * * * * * *
SANDRA WILLIAMS,              *     UNPUBLISHED
                              *     No. 17-1925V
            Petitioner,       *
                              *     Special Master Dorsey
v.                            *
                              *     Attorneys' Fees and Costs
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
* * * * * * * * * * * * *
```

AnnMarie N. Sayad, Zgheib Sayad, P.C., White Plains, NY, for Petitioner;
Linda S. Renzi, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 11, 2017, Sandra Williams ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 to -34 (2012). Petitioner alleged she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on November 23, 2015. Petition. (ECF No. 1 at 1). On October 17, 2019, the parties filed a Stipulation for award, which the undersigned adopted as her decision awarding compensation on October 18, 2019. Decision, ECF No. 41.

On October 31, 2019, Petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 45) ("Fees App."). Petitioner requests compensation in

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

the amount of $30,048.75, representing $21,771.30 in attorney fees and $8,277.45 in attorney costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of this litigation. Id. Respondent filed his response on November 27, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" Response. at 2-3, (ECF No. 52). Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $30,048.75.

**I.      Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a stipulation, a final award of reasonable attorneys' fees and costs is proper.

   **a. Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and

Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rate

Petitioner requests the following rates for the work of her counsel: for Ms. AnnMarie Sayad, $225.00 per hour for work performed in 2017 and $238.00 per hour for work performed in 2018; for Mr. Jimmy Zgheib, $225.00 per hour for work performed in 2017, $238.00 per hour for work performed in 2018, and $243.00 per hour for work performed in 2019; for Mr. Joseph Sayad, $230.00 per hour for work performed in 2017 and $240.00 per hour for work performed in 2018. These rates are identical to what counsel has been awarded in previous Vaccine Program cases, and the undersigned finds them to be reasonable herein.

### ii. Reasonable Number of Hours

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is entitled to the full amount of attorneys' fees sought, **$21,771.30**.

### b. Attorney Costs

Petitioner requests a total of $8,277.45 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and the work of petitioner's expert Dr. Marko Bodor for review of medical records and preparation of a submitted expert report. Fees App. Ex. 2 at 2-3. All of these costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation supporting them. Concerning the work of Dr. Bodor, the undersigned makes no finding as to the reasonableness of Dr. Bodor's hourly rate – however, the hours billed are reasonable and the total amount requested is reasonable for the work performed in the instant case. Accordingly, the requested attorneys' costs are reasonable, and petitioner shall be fully reimbursed.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $21,771.30 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$21,771.30** |
| | |
| Attorneys' Costs Requested | $8,277.45 |
| (Reduction to Costs) | - |

| Total Attorneys' Costs Awarded | $8,277.45 |
|---|---|
|  |  |
| Total Amount Awarded | $30,048.75 |

**Accordingly, the undersigned awards $30,048.75 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ms. AnnMarie Sayad.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.